IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREGG NICHOLAS                                                                                    PLAINTIFF

v.                          Civil No. 5:21-cv-05104

SHERIFF RICK EVANS, Madison County,
Arkansas; LIEUTENANT RUSSELL ALBERTS;
SERGEANT MICHAEL SLOANE; and
CORPORAL CLINT HAM                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Gregg Nicholas ("Nicholas"), pursuant to 42 U.S.C. § 1983. Nicholas proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Beginning in the Fall of 2017, a minor property boundary dispute arose between Nicholas and his neighbors Kathie and Kevin Whitaker. (ECF No. 9 at 4-5). Nicholas alleges that both parties contacted law enforcement on multiple occasions. *Id.* at 4. On December 20, 2017, Nicholas says the dispute escalated when Kevin Whitaker fired a series of shots at him. *Id.* Nicholas says he immediately notified law enforcement. *Id.* Lieutenant Alberts responded, took note of the facts, and stated a report would be filed. *Id.* at 4-5. During this encounter, Nicholas maintains that Kevin Whitaker admitted to Madison County law enforcement to having fired several shots at Nicholas. *Id.* at 6. Nicholas alleges Lieutenant Alberts "misplaced" the report resulting in no action being taken by the district attorney. *Id.* at 5.

1

Nicholas alleges the Defendants cited County policy for not becoming involved in civil boundary disputes. (ECF No. 9 at 5). Nicholas maintains that "[a]ny policy that allows threats involving a 'civil matter' lead to the possible physical threat of a person or party without law intervention upon notice, does violate the Equal Protection Clause of the Fourth Amendment." *Id.*

For months, Nicholas alleges the Defendants ignored his numerous reports of the rising threat of violence merely calling the dispute a "civil matter." (ECF No. 9 at 6). On January 30, 2018, Nicholas says he was severely wounded in an exchange of gunfire with Kevin Whitaker during which Nicholas was attempting to defend himself. *Id.*

Following the January 2018 shooting, Nicholas says Defendants chose to prosecute him for what had transpired. (ECF No. 9 at 6). Nicholas asserts that "[t]his selective prosecution—despite Kevin Whitaker's noted threats against Mr. Nicholas, besides also being the aggressor and instigator of the incident, does violate Gregg Nicholas' rights to Equal Protection." *Id.*

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer*

*v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). There is no question in this case that Defendants were acting under color of law in connection with their encounters with Nicholas.

#### A.   Statute of Limitations

In this case, a threshold issue is whether Nicholas' claims are barred by the statute of

limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cnty, Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014).

The events at issue culminated in two violent altercations: the first on December 20, 2017, and the second in January 2018. Nicholas' first Equal Protection claim is based on the Defendants' repeatedly discounting, as being merely a "civil matter," the escalating threat caused by the boundary dispute. Clearly, this treatment ended, at the latest, when Nicholas was criminally charged on April 5, 2018.[1] This case was not filed until June 8, 2021, more than three years after these events. Nicholas' first Equal Protection claim is barred by the statute of limitations.

Nicholas' second Equal Protection claim is one of selective enforcement or selective prosecution.[2] To determine whether this claim is also barred, the Court must examine the law governing the accrual of a § 1983 cause of action.

The accrual date of a § 1983 cause of action:

is a question of federal law ... Aspects of § 1983 which are not governed by

---

[1] Records of the Circuit Court of Madison County indicate Nicholas was charged by criminal information on April 5, 2018, with one count of performing a terroristic act, two counts of aggravated assault, and one count of being a felon in possession of a firearm. The first three charges were dismissed on March 12, 2019. That same day, Nicholas entered a guilty plea to being a felon in possession of a firearm and was given a 72-month suspended sentence. The Court notes that in these documents the last name of the neighbors is listed as Whit**e**aker not Whitaker. https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=44CR-18-59&begin_date=&end_date= (accessed August 18, 2021). *See Stahl v. U.S. Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir.2003) ("The district court may take judicial notice of public records").

[2] Nicholas does not argue he is a member of a protected class or that a fundamental right is involved. Therefore, to establish an equal protection violation, he must rely on a "class of one" theory by showing that a state actor treated him differently from similarly situated individuals on some other arbitrary factor without a rational basis for the different treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

> reference to state law are governed by federal rules conforming in general to common-law tort principles. Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action.

*Wallace v. Kato,* 549 U.S. 384, 388 (2007) (cleaned up); *see also Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("accrual occurs when the plaintiff can file suit and obtain relief").

When a claim for selective enforcement and/or selective prosecution accrues is not dealt with uniformly in the Courts. Some courts have held that the cause of action for selective prosecution, unlike a malicious prosecution claim, does not depend on the favorable termination of the underlying criminal case. Instead, these courts have been guided by the general principle that "a single discriminatory act against one individual can amount to intentional discrimination for equal protection purposes." *Bohen v. City of East Chicago, Inc.*, 799 F.2d. 1180, 1186-87 (7th Cir. 1986). The cause of action is therefore regarded as accruing when Plaintiff had notice of his injuries, *i.e.*, when charges were filed. *See, e.g., Wilson v. Giesen,* 956 F.2d 738, 741 (7th Cir. 1992) (claims against the County accrued when Plaintiff was prosecuted in state court).

Other Courts have pointed out "selective prosecution" claims fall into two distinct categories. First, selective enforcement claims which are directed at police misconduct and accrue at the time of the alleged misconduct, *i.e.*, when the victim was selected as the target of enforcement. *See, e.g., Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3rd Cir. 2010) ("selective-enforcement claim will accrue at the time that the wrongful act resulting in damages occurs"). Second, selective prosecution claims which are directed at the actions of the prosecutor and whether the filing of criminal charges constitutes a violation of the guarantee of equal protection. *Id.* at n. 10.

When this distinction becomes important is in determining whether the accrual of the cause

of action is deferred by virtue of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a claim for malicious prosecution accrues only when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The Court held that recovery on the malicious prosecution claim would "necessarily imply the invalidity" of the outstanding conviction. *Id.* In *Dique*, a racial profiling case, the Third Circuit held that the *Heck* deferred accrual rule[3] did not apply to selective enforcement claims. *Dique*, 603 F.3d at 188. In contrast, *Heck* has been applied to selective prosecution claims. *See, e.g., Davis v. Tarr*, No. 2:04-cv-00049, 2005 WL 2931959, *6 (E.D. Mo. Nov. 3, 2005). In such instances, the claim accrues only after the conviction has been invalidated or the action has otherwise been terminated in plaintiff's favor. *Id.*

The Court believes that if in fact a line may be properly drawn between the two types of claims, the claim at issue would properly be characterized as a selective enforcement claim. The crux of Nicholas' claim is that through the officers' actions he was selected for criminal prosecution when his neighbor Kevin Whitaker was not. As such, Nicholas' claim would have accrued, at the latest, when criminal charges were filed against him on April 5, 2018. His claim would, therefore, be barred by the statute of limitations.

## B.  Equal Protection

Even if the Court were to construe the case as one for selective prosecution, which might give him the benefit of *Heck*, meaning his claim would not begin to accrue until his charges were

---

[3] Often referred to as the favorable-termination rule.

nolle prossed on March 12, 2019; or if the Court were to consider the alleged line drawn between the two types of cases to merge when an actual criminal prosecution results, Nicholas' claim would nevertheless fail. Nicholas is not the member of a suspect class, no fundamental right is involved, and he has identified no other unjustifiable factors. *See United States v. Deering*, 179 F.3d 592, 594 (8th Cir. 1999) (selective prosecution in the criminal context). His equal protection claim would therefore fall under a rational basis review. *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993). A selective prosecution claim requires Nicholas to show that he was singled out for prosecution while others similarly situated were not prosecuted for similar conduct. *Id.* "To be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015) (internal quotation marks and citation omitted). Nicholas was not similarly situated to Kevin Whitaker. As demonstrated by his publicly available criminal information, Nicholas was a felon in possession of a firearm. He pled guilty to this offense. Therefore, no plausible selective prosecution claim has been asserted.

## IV.   CONCLUSION

For these reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). It is further recommended that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this action would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of August 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE